UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSEMARY GARRETT,** | Case No. CV 07-549-MAN |
| Plaintiff, | |
| v. | ORDER RE: PETITION FOR ATTORNEY FEES PURSUANT TO |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social** **Security Administration,** | 42 U.S.C. § 1383(d)(2)(A) |
| Defendant. | |

On April 15, 2009, counsel for plaintiff filed a Petition to Charge and Receive a Fee Under 42 U.S.C. § 406(b)[1], with a supporting memorandum of points and authorities and declaration by plaintiff's

---

[1] 42 U.S.C. § 406(b) applies to benefits awarded under Title II of the Social Security Act (the "Act"). Here, plaintiff applied for, and was awarded, benefits under Title XVI of the Act, not Title II. Accordingly, plaintiff's counsel should have sought payment of fees pursuant to 42 U.S.C. § 1383(d)(2)(A), which, as defendant correctly notes, "permits attorney fees for Title XVI benefits awarded on or after February 28, 2005 in a manner parallel to that provided by Section 406 for Title II benefits." (Defendant's Response of April 24, 2009, at 3.) Section 1383 states, in relevant part, that "[t]he provisions of section 406 of this title . . . shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter. . . ." 42 U.S.C. § 1383(d)(2)(A). Accordingly, the Court assesses counsel's fee request as if it were a request for 406(b) fees.

counsel, Joel D. Leidner of Leidner & Leidner, A.P.C. (collectively, the "Petition"). The Petition requests payment of attorney's fees in the total amount of $12,977.96 for 29.10 hours of attorney time expended before this Court. On April 24, 2009, defendant submitted a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 1383(d)(2)(A). On April 24, 2009, plaintiff's counsel filed a Response to Defendant's Response to Petition to Charge and Receive a Fee Under 42 U.S.C. § 1383(d)(2)(A). For the reasons stated below, the Petition is GRANTED.

**BACKGROUND**

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides for attorney's fees of "25% of the past due benefits, reduced by any Equal Access to Justice Act fees that my attorney receives." (Petition at 2, Exhibit B.) On September 19, 2008, the Court remanded this case for the immediate payment of benefits. (Petition at 3.) Plaintiff was subsequently awarded $51,911.85 in retroactive benefits. (Exhibit A.)

**APPLICABLE LAW**

Section 406(b) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a

> reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .  In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).[2]

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b)

> does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807 (citations omitted).

---

[2] For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement.  42 U.S.C. § 406(a).  In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . a reasonable fee" for the attorney's services.  42 U.S.C. § 406(a)(1).

1    The hours spent by counsel representing the claimant and counsel's
2 "normal hourly billing charge for noncontingent-fee cases" may aid "the
3 court's assessment of the reasonableness of the fee yielded by the fee
4 agreement."  Gisbrecht, 535 U.S. at 808.  The Court appropriately may
5 reduce counsel's recovery

> based on the character of the representation and the results
> the representative achieved.  If the attorney is responsible
> for delay, for example, a reduction is in order so that the
> attorney will not profit from the accumulation of benefits
> during the pendency of the case in court.  If the benefits
> are large in comparison to the amount of time counsel spent
> on the case, a downward adjustment is similarly in order.

*Id.* (citations omitted).

Significantly, since Gisbrecht, district courts have been deferential to the terms of contingency contracts in Section 406(b) cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements.  *See* Ellick v. Barnhart, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying post-Gisbrecht cases and finding decisions approving fee awards involving range of net hourly rates of up to $982 per hour); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and citing, *inter alia*, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002)(awarding $10,189.50, equivalent to $605 per hour), and Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12,

equivalent to $350.49 per hour)); *see also* Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005)(affirming denial of motion challenging $12,231.50 fee award equivalent to 25% of past benefits and hourly rate of $736.84); Blizzard v. Astrue, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007)(approving $26,798.25 fee award equaling 25% of past benefits and amounting to an hourly rate of $705); Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to 25% of past benefits and hourly rate of $580.67 to be reasonable and rejecting characterization of award as "windfall").

**DISCUSSION**

The Court finds that the Petition demonstrates that "the fee sought is reasonable for the services rendered" and is no more than the agreed-upon 25 percent of past-due benefits.[3] Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought.

Plaintiff's counsel was not responsible for any significant delay in securing plaintiff's benefits. Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the Petition seeks no more than the agreed-upon fee. In view of these circumstances

---

[3] 25% of $51,911.85 is $12,977.96.

and of the range of hourly rates charged for legal services in the Los Angeles area, the Court finds that the *de facto* hourly rate of $445.98[4] and the total requested fee of $12,977.96 are reasonable under the inquiry called for by Gisbrecht.

## CONCLUSION

For the reasons set forth above, the Petition is GRANTED. Section 406(b) fees are allowed in the total amount of $12,977.96, to be paid out of the amount withheld by the Commissioner from plaintiff's benefits. The balance of the withheld funds shall be paid to plaintiff.

IT IS SO ORDERED.

DATED: July 1, 2009                                    /s/
                                              MARGARET A. NAGLE
                                       UNITED STATES MAGISTRATE JUDGE

---

[4] $12,977.96 divided by 29.10 hours equals $445.98.